DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE *v.* FAUROTE.

1. JUDGMENT — SUMMARY JUDGMENT — TIMELINESS — PENDING AC-
TIONS.

Defendant's motion for summary judgment in an action by his
automobile insurer to prevent him from proceeding with arbi-
tration provided for in his policy for an uninsured motorist
claim should have been rejected as premature, when there was
still a question as to who owned the automobile that caused the
damage and defendant had an action pending against an in-
sured person whom he claimed owned the automobile at the time
of the accident.

2. COSTS—CAUSE REMANDED FOR FURTHER PROCEEDINGS.

No costs are awarded pending the final outcome when a summary
judgment is reversed and the cause is remanded for further pro-
ceedings.

Appeal from Wayne, Burdick (Benjamin D.), J.
Submitted Division 1 April 9, 1968, at Detroit.
(Docket No. 4,131.)   Decided September 26, 1968.

Complaint by Detroit Automobile Inter-Insurance
Exchange against Lee Roy Faurote and Elizabeth
G. Faurote to prevent defendants from proceeding
with arbitration of a claim against plaintiff.   Sum-
mary judgment for defendant.   Plaintiff appeals.
Reversed and remanded for further proceedings.

REFERENCES FOR POINTS IN HEADNOTES
[1]  41 Am Jur, Pleading § 340 *et seq.*
[2]  5 Am Jur 2d, Appeal and Error § 1009 *et seq.*

*Rouse, Selby, Webber, Dickinson & Shaw (Daniel K. Converse,* of counsel), for plaintiff.

*Kenneth M. Davies,* for defendants.

Holbrook, P. J.   On September 1, 1963, a 1956 Plymouth insured by plaintiff-appellant and driven by defendant-appellee Lee Roy Faurote on Second street in the city of Detroit was struck by a 1956 Buick automobile which failed to stop for a stop sign at the intersection of Cortland and Second.   The ownership of the 1956 Buick is in dispute.   At the time of the accident it was being driven by Robert Thibeault with the permission of Boniface Cooper, who purportedly purchased it from Inter-City Motor Sales, Inc.   Neither Cooper nor Thibeault had public liability insurance.

Following Detroit Automobile Inter-Insurance Exchange's refusal to settle appellees' claim against it under provisions of the insurance policy between the parties providing for coverage for injury resulting from an accident involving an "uninsured motorist," defendants filed a claim with the American Arbitration Association.   Plaintiff brought this action in the Wayne county circuit court to prevent arbitration, alleging that "the said 1956 Buick was not an uninsured automobile within the definition of their [defendants'] policy."   Plaintiff's claim arises out of additional facts, *viz:* although Boniface Cooper had possession of the 1956 Buick on September 1, 1963, he was not the owner because the "vehicle certificate of title" was dated and executed September 5, 1963.   The records of the secretary of state show the following transfers of the 1956 Buick:

(1) On August 9, 1963, Stanley Riccardi assigned the vehicle to G & C Motor Sales (hereinafter "G & C");

(2) On August 15, 1963, G & C assigned the vehicle to Flint-Detroit Auto Sales (hereinafter "Flint-Detroit");

(3) On September 5, 1963, Flint-Detroit assigned the vehicle to Inter-City Motor Sales, Inc. (hereinafter "Inter-City"); and

(4) On September 5, 1963, Inter-City assigned the vehicle to Boniface Cooper.

Defendants began an action in the Wayne county circuit court (Civil Action No 38630) against Inter-City and Flint-Detroit for damages resulting from the accident. On September 1, 1966, summary judgment of no cause of action was entered against defendants herein, the lower court finding as a matter of law that neither Inter-City nor Flint-Detroit was the owner of the 1956 Buick at the time of the accident.

On September 1, 1966, defendants filed a complaint in the Wayne county circuit court (Civil Action No 72668) naming as defendants therein Robert Thibeault, Boniface Cooper, and G & C Motor Sales, claiming *inter alia* that G & C Motor Sales owned the vehicle. On November 14, 1967, a stipulation to hold the case off the no progress calendar was entered. An answer has been filed therein stating an affirmative defense and plaintiffs therein have entered a reply. No further action has been taken in the suit.

In the instant case, defendants in answering plaintiff's complaint, alleged by way of counterclaim, the lower court's determination in their action against Inter-City and Flint-Detroit. Defendants also alleged in the counterclaim the commencement of action against G & C. On February 2, 1967, plaintiff filed a motion for summary judgment as follows:

"Now comes plaintiff and moves for a determination of the following:

"That on September 1, 1963, Flint-Detroit Auto Sales owned the 1956 Buick which was driven by Boniface Cooper [*sic*], or

"That on September 1, 1956, Inter-City Motor Sales, Inc. owned the 1956 Buick which was driven by Boniface Cooper [*sic*], or

"That G & C Motor Sales owned the 1956 Buick which was driven by Boniface Cooper [*sic*],

"And that said ownership was such ownership as is contemplated by the ownership liability of [CLS 1961, § 257.401 (Stat Ann 1960 Rev § 9.2101)]."

Defendants answered plaintiff's motion for summary judgment and moved for summary judgment against plaintiff on the basis that the 1956 Buick was uninsured at the time the accident occurred. Briefs on the motions were furnished the trial court by both parties. On July 18, 1967, an order for summary judgment was entered in favor of defendants which reads in part as follows:

"It is hereby ordered and adjudged that defendants are granted a summary judgment of no cause for action against the plaintiff, Detroit Automobile Inter-Insurance Exchange, and that plaintiff shall immediately comply with the terms of their policy requiring compulsory arbitration of the remaining issues. This judgment is based upon the finding by this court that, pursuant to the definition of 'uninsured' as defined by the policy of insurance entered into between the parties; on September 1, 1963 a certain 1956 Buick automobile which struck defendants' vehicle was, in fact, 'uninsured.' "

Plaintiff has appealed from the July 18, 1967, order of summary judgment. Our review and close examination of the record on appeal reveals the following issue: was the order of summary judgment properly granted?

The facts of this case reveal that defendants' action against G & C had not been carried to final

judgment and for this reason the lower court's order of summary judgment appears to have been premature. Plaintiff's action herein to restrain the arbitration proceedings provided in the policy of insurance was properly before the court. The defendants' motion for summary judgment and the order of the trial court granting it was inconsistent with defendants' position in their action as plaintiffs against G & C Motor Sales, which was pending in court at the time. Therein it was claimed that G & C Motor Sales was the owner of the Buick automobile at the time of the accident and it is conceded that G & C was insured. For this reason the motion for summary judgment by defendant herein and the granting of summary judgment by the trial court was premature.

The order of summary judgment undertakes the determination of an issue present in defendants' action against G & C—was G & C the owner of the 1956 Buick on September 1, 1963? G & C was not a party to the instant action, but was a party in the related action brought by defendants to recover damages. Plaintiff's statement of facts includes the statement that the parties agree that G & C and the other 2 dealers each owned a policy of liability insurance. Therefore, if successful, defendants herein will recover from an insured defendant. The question of ownership of the automobile by G & C should have been determined in the other action before a final judgment entered in the instant action. The order of summary judgment is set aside and the case remanded for further proceedings not inconsistent with this opinion.

Reversed. Costs to await final judgment.

Levin and Pratt, JJ., concurred.